# JOHN SEMMES DEVECMON *vs.* ALTHEA LOUISA KUYKENDALL ET AL.

*Renunciation of Will by Widow—Loss Thereby Occasioned to Devisee.*

The election of a widow to take dower and her distributive share in the estate of her deceased husband, whereby loss occurs to a devisee of a part of the estate, is a loss by operation of law, for which such devisee has no remedy.

A testator devised a lot of ground in fee to the appellant and gave the residue of his estate to his wife and daughter. The wife having renounced the will and elected to take dower, &c., recovered a judgment for her share of the rent of the property devised to appellant. *Held*, that the appelant had no right to demand indemnity from the testator's daughter, who was the residuary devisee, for the loss so occasioned.

Appeal from a decree of the Circuit Court for Allegany County (BOYD, C. J.), dismissing the bill of complaint. The opinion of the Court below was as follows:

This case was brought before me on a demurrer to the bill. Without undertaking to state all the facts alleged in the bill, those that are necessary for the consideration of the question to which the argument was addressed are as follows: Mr. John S. Combs left by his last will and testament a number of pecuniary legacies to various parties, and made the following provision for the plaintiff: " To my nephew, John Semmes Devecmon, five hundred dollars, also the law office in Cumberland, and ground on Washington street in said city, and known as the ' Devecmon Law Office,' also all law books in said office." He then left to his wife, who is one of the defendants, certain real and personal property and concluded that paragraph by stating " this devise and bequest to my wife, together with the residuary devise hereafter made to her to be in full of her interest in my entire estate both real and personal." He left his daughter, Althea L. Combs, who is now Mrs. Kuykendall, another defendant, certain real estate and per-

sonal property—making certain provisions for the property so left her in the event of her dying without leaving a child or children or of her leaving a child or children who died before they reach twenty-one years of age, which is not necessary for me to refer to more particularly. He then directed his executor to dispose of all his real and personal property not otherwise disposed of " and the proceeds to divide between my wife Wilhelmina J. Combs and daughter Althea Louisa Combs, one-third to my said wife and two-thirds to my said daughter."

The bill also alleges that Mrs. Kuykendall is now in the possession and enjoyment of the property left to her by the will, excepting such as was received by the widow in kind— she having filed her renunciation and elected to take what the law gave her instead of what was left her by the will. Mrs. Combs sued the plaintiff for her share as widow, of the rent of the office property left to plaintiff, and obtained a judgment for $300.00. The bill asks to have the property received by Mrs. Kuykendall under the will placed in the hands of a trustee so that he may hold the same and collect the rents, profits, interest and dividends issuing therefrom until the rent now due and which may hereafter become due the widow is paid.

The theory of the bill briefly stated, is, that inasmuch as Mrs. Kuykendall has taken under the will and the plaintiff has not received the office property free from all claims, as it is contended the testator intended, she must compensate him for the loss, and great stress is laid on the fact that she was the residuary devisee and legatee. Although the plaintiff has filed a very exhaustive brief on the subject of election, I cannot see the application of the authorities cited to the question before me. It may be conceded that Mrs. Kuykendall could not take under the will and at the same time claim an interest in the property left by the will to the plaintiff, but the bill does not charge that she is making any claim for that property or any part of it. In the case of *Kuykendall* v. *Devecmon*, 78 Md. 537, the

Court of Appeals said Mrs. Kuykendall could not claim the funds in the savings banks as her own, " because if she claims an interest under the will she must give full effect to its provisions as far as she is able," and then states the doctrine on the subject as announced in a former decision of that Court, but that doctrine was applied because she was then claiming property that the testator undertook to dispose of by the will she was claiming under, as to other property.

It could not be successfully contended that if A. B. had instituted an action of ejectment for the specific property left to the plaintiff and had recovered, Mrs. Kuykendall could be compelled to compensate him for it because she was the residuary devisee.

When a testator devises a specific property to a devisee, he gives him all the right, title and interest in that property that he has at the time of his death, but if his title fails, in whole or part, I am not aware of any authority that would authorize the Court to require compensation by the residuary devisee or legatee unless the testator makes such provision in his will. When Mr. Combs made his will, he no doubt assumed that his wife would accept in lieu of her dower and all claim on his estate, what he left to her, but he also knew, or is presumed in law to have known, that she had her election, either to take under the will or renounce it, and take what the law of the State gave a widow. If, therefore, he intended to indemnify the plaintiff against any loss that he might sustain by such renunciation, he should have done so in his will. The opinion of the Court of Appeals in the case of *Darrington* v. *Rogers*, 1 Gill, 403, announces the law as applicable in that case in terms that so accord with my views as to what the law must be, that I quote at length from it. DORSEY, J., delivering the opinion of the Court, said : " It is true that the testator had made bequests to his wife out of one of those moieties which he thought would have been sufficient temptation to have prevented her from asserting her legal rights to his estate. But for the event

of her doing so, he has provided no change or substitution in the testamentary disposition of his property. And he having failed to do it, we cannot do it for him, the more specially as it would, *pro tanto*, work a disinheritance of his children and heirs-at-law. The election of the widow to stand upon her legal rights does, it is true, occasion loss to the appellants ; but it is a loss resulting by operation of law against which the testator only could have provided an indemnity. The condition of the children, too, was changed by the election of their mother, they might also have sustained loss by receiving less than their father had given, and by his will designated to have given them." It is true the appeal was dismissed in that case, because the statute had not been complied with, but the parties were represented by able counsel, and the question was decided by the Court at their solicitation.

In this case, it is fair to assume that Mrs. Combs received more under the law than she would have done under the will, or otherwise it is not likely she would have renounced. By renouncing, she was not only entitled to dower in the real estate left to the plaintiff, but in that left to Mrs. Kuykendall, and to a third of the personalty. The loss is sustained by the plaintiff by reason of the act of Mrs. Combs—not Mrs. Kuykendall—and upon what principle can the latter be made to compensate the plaintiff for a loss occurring through the act of the former ? The interest in the property left to the plaintiff thus acquired by Mrs. Combs, was not added to nor did it in any manner increase the residue left to Mrs. Kuykendall ; nor can the fact that the relation of mother and daughter exists between them affect the question. Mrs. Kuykendall has no claim in law to this interest of her mother, and when the latter dies, her interest will cease. If the daughter ultimately receives by gift, will or in course of distribution any property or money, the mother as widow received, she will be receiving her mother's property and not her father's under the will.

No authority has been cited and I know of none that I

think would justify me in requiring Mrs. Kuykendall to compensate the plaintiff for the loss sustained by reason of the renunciation of Mrs. Combs, and it will serve no good purpose to further prolong this opinion.   I must sustain the demurrer.   As the bill asks to have the widow's dower ascertained, it may be that the plaintiff will desire to amend the bill by striking out Mr. and Mrs. Kuykendall as defendants, and making such allegations as may be necessary to have that question disposed of, and I will, therefore, not dismiss the bill but will give the plaintiff thirty days within which to amend.

The cause was submitted to the Court on briefs by:

*J. Semmes Devecmon, Ferdinand Williams* and *Albert A. Doub,* for the appellant.

The appellant contends that the facts stated in the bill, taken as a whole, make a good bill and entitle him to have compensation from Althea upon the ground that it was the " purpose, object and actual intention of the testator," when he made his will, that the appellant should have his law office free of the widow's dower claim.   Althea, being the residuary devisee and legatee, justice and equity demand that Althea must carry out the provisions of the will by satisfying and compensating the appellant, out of the residuary fund received by Althea, what the appellant loses by the renunciation of the widow.   When this is done all that remains constitutes and becomes the residuary fund and Althea then takes this as her sole property.   The residue is what is left after paying charges, debts and particular legacies. *21 Am. & Eng. Encl. 126.*   "The residue of a testator's estate and effects means what is left after all liabilities are discharged and *all the purposes of the testator,* specifically expressed in his will, are carried into effect."   The purpose of the testator can only be carried into effect by decreeing that Althea as residuary devisee and legatee must compensate the appellant for what the appellant must pay to the widow for her dower claim.

The appellant's contention is that Althea, by accepting the benefits accruing to her under the will of the testator, and by accepting the savings bank moneys, amounting to $5,724.83, which she claimed as her own property, in oppo-sition to the will to which the doctrine of election was ap-plied in 78 Md. 540, wherein the complete ownership of said savings bank moneys was disallowed to said Althea, and said Althea, by accepting the residuary fund, two-thirds of which amounted to $6,521.28, rendered herself liable in equity and good conscience to compensate the appellant for the loss falling upon him and occasioned by the renunciation of the widow, *i. e.*, said Althea is not, under the principle of equity and justice, entitled to have and enjoy what she re-ceived under the will and what she received by claiming in opposition to the will unless she, the said Althea, makes up to the appellant the amount of money the appellant has already paid and is now called upon to pay to the widow.

*Benjamin A. Richmond* and *D. J. Blackiston*, for the ap-pellee.

FOWLER, J., delivered the opinion of the Court.

The late John S. Combs, of Allegany County, Mary-land, by his last will made the following provision for the plaintiff: " To my nephew, John Semmes Devecmon, five hundred dollars, also the law office in Cumberland, and ground on Washington street in said city, and known as the 'Devecmon Law Office,' also all law books in said office. " The testator also made provision for his wife and daughter, Mrs. Kuykendall, two of the defendants. To his wife and daughter, respectively, he devised certain real estate and bequeathed certain personal property, declaring that the provision made for his wife was to be in full of her interest in his estate, real and personal. The defendants just named were also made residuary devisees. The widow has renounced and elected to take her dower in the real and her legal share of the personal estate of her late hus-

band. The defendant, Mrs. Kuykendall, is in possession of the estate she took under her father's will, except such part thereof as was received by the widow in kind by reason of her renunciation. The widow sued the plaintiff for her share of the rent of the office property devised to the plaintiff, and she recovered a judgment for three hundred dollars, whereupon the bill in this case was filed for the purpose of compelling the defendant, Mrs. Kuykendall, to make good to the plaintiff the loss he sustained by reason of the renunciation of the widow. The bill also prays that her dower may be ascertained. To this bill the defendants demurred, and the learned Judge below sustained the demurrer, but at the same time granted leave to the plaintiff to file, within thirty days, an amended bill to have the widow's dower ascertained in the property devised to him. The defendant having failed to avail himself of the leave thus granted, an order was passed dismissing his bill. From this order he has appealed.

Upon reason and principle, without regard to authority, it is difficult to understand why one legatee or devisee should be called on to make good a loss sustained by another under the circumstances disclosed by this record. It is true that Mrs. Kuykendall, who is asked by the plaintiff to pay to him the value of the dower, claimed certain money as her own which was disposed of by her father's will, as part of his estate, but we held in *Kuykendall* v. *Devecmon*, 78 Md. 540, that she could not be allowed to maintain this claim, and at the same time claim an interest under the will. " She must give full effect to its provisions, so far as she is able," if she claims the benefit of its provisions in her favor. The plaintiff contends that it was the intention of the testator that he should have the office property in fee, free from all claims. This may be conceded. But it must also be conceded that Mrs. Kuykendall was also entitled to have what was devised and bequeathed to her free from all claims, including those of the plaintiff. It is difficult to perceive upon what theory or principle of equity the defendant, Mrs.

Kuykendall, can be held liable for the loss which the plaintiff has sustained, when it is conceded, or must be, that the renunciation of the widow is the sole cause of it. Whatever claims Mrs. Kuykendall formerly set up to part of the estate the will disposed of, have been by this Court declared invalid, and she has, so far as we have been informed, given full effect to its provisions as construed by us. To hold her responsible for loss occcasioned by the act of another is neither reasonable nor just. This view, however, is sustained by authority as well as reason. In the case of *Darrington* v. *Rogers et al.*, 1 Gill, 410, it is said: "The election of the widow to stand upon her legal rights does, it is true, occasion loss to the appellants, but it is a loss resulting by operation of law, and against which the testator only could have provided an indemnity." As was said in the case just cited, "the testator has provided no change or substitution in the testamentary dispositions of his property in the event of his widow renouncing, and he having failed to do so, we cannot do it for him."

The question involved in this appeal has been so fully and clearly presented in the opinion of the learned Judge who decided this case below, that we will direct his opinion to be included in the report of this case.

*Order affirmed with costs.*