JOHN T. COCKEY et al.

*vs.*

ANNA B. COCKEY et al.

*Remainders—Vested and Contingent—Acceleration—Renunciation of Life Estate—Election of Widow—*
*Effect on Devisees.*

The renunciation by testator's widow of the life estate given her by the will, and her election to take the portion of his property which the law would give her in the absence of a will, is to be regarded as equivalent to her death as regards the remaindermen.                                                                        p. 377

The renunciation having been made by the widow, it is the disposition of the courts to regard legacies for life with remainders over as constituting vested rather than contingent devises.
                                                                        p. 377

Where testator gave property to his wife for life, and after her death to their son W. if then living, and if W. should die before his mother, leaving descendant or descendants surviving her, then such descendant or descendants to take, and if W. should die before his mother without leaving any descendant living at her death, then their son B. to take, and in case testator's wife died without leaving children then living and without descendants, then the property to go to a son by another marriage, *held* that the will created a vested remainder after the wife's death, or, since her renunciation was equivalent to death, upon the filing of her renunciation.                                       p. 377

The renunciation by the widow of her life estate operates to accelerate the legacies in remainder, unless it contravenes some manifest intention of the testator as expressed in the will.
                                                                        p. 378

The loss to a devisee under a will by reason of the widow's renunciation of the life estate given by the will, and the election to take what the law would give in case of intestacy, is a loss by operation of law for which the devisee has no remedy.
                                                                        p. 379

*Decided June 23rd, 1922.*

Appeal from the Circuit Court for Baltimore County, In Equity (PRESTON, J.).

Bill by John T. Cockey and others against Anna B. Cockey and others. From a decree sustaining a demurrer to the bill, plaintiffs appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and ADKINS, JJ.

*Francis K. Murray* and *Frederick W. Brune,* with whom was *Noah E. Offutt* on the brief, for the appellants.

The remainder created by the will in favor of Winfield Cockey is contingent. *Fearne on Contingent Remainders,* 10th ed., vol. I, pp. 3-7, vol. II, secs. 174, 177, 178, 179; *Washburn, Real Property,* 6th ed., vol. II, sec. 1532, pp. 508-509; *Tiffany, Real Property,* 2nd ed., vol. I, pp. 484-485, 489-490, 510; *Straus* v. *Rost,* 67 Md. 465 (1887); *Bailey* v. *Love,* 67 Md. 592 (1887); *Mercantile T. & D. Co.* v. *Brown,* 71 Md. 166 (1889); *Demil* v. *Reid,* 71 Md. 175 (1889); *Larmour* v. *Rich,* 71 Md. 369 (1889); *Cherbonnier* v. *Goodwin,* 79 Md. 55 (1894); *Lee* v. *O'Donnell,* 95 Md. 538 (1902); *Reilly* v. *Bristow,* 105 Md. 326 (1907); *Poultney* v. *Tiffany,* 112 Md. 630 (1910); *Lansdale* v. *Linthicum,* 139 Md. 155; *Forbes* v. *Littell,* 138 Md. 211; 40 *Cyc.* 1993.

Renunciation will not be treated as equivalent to the widow's death, where the result would be to "accelerate" a remainder limited upon the widow's life estate so as to defeat the plain intention of the testator. *Hinkley* v. *House of Refuge,* 40 Md. 461 (1874); *In re Rogers Trust Estate,* 97 Md. 674 (1903); *Holdren* v. *Holdren,* 78 Ohio St. 276, 85 N. E. 537, 18 L. R. A. (N. S.) 272 and note thereto; *Sellick* v. *Sellick* (Mich.) 173 N. W. 611; *Brandenburg* v. *Thorndike,* 139 Mass. 102.

The appellants are entitled to have the renounced life interest in two-thirds of the property embraced in item I

of the will of Joshua F. Cockey, sequestered, or, rather, sold, and the proceeds sequestered, to compensate so far as may be those who have sustained loss through the widow's renunciation and election. *Gretton* v. *Howard,* 1 Swanst. 408; *Marriott* v. *Badger,* 5 Md. 306 (1854); *Barbour & Daingerfield* v. *Mitchell,* 40 Md. 151 (1874); *Hinkley* v. *House of Refuge,* 40 Md. 461 (1874); *Timberlake* v. *Parish's Executor,* 5 Dana (Ky.) 345 (1837); *McReynolds* v. *Counts,* 9 Gratt. (Va.) 242 (1852); *Firth* v. *Denny,* 2 Allen (Mass.) 468 (1861); *Colvert* v. *Wood,* 93 Tenn. 454; *Jones* v. *Knappen,* 63 Vt. 391, 14 L. R. A. 293 (1891); *Latta* v. *Brown,* 96 Tenn. 343, 34 S. W. 17, 31 L. R. A. 840 (1896); *Re Lawrence,* 37 Misc. (N. Y.) 702, 76 N. Y. Supp. 653 (1902); *Holdren* v. *Holdren,* 78 Ohio St. 276, 85 N. E. 537, 18 L. R. A. (N. S.) 272 ant note; *Sellick* v. *Sellick,*    Mich. , 173 N. W. 610, and cases therein cited; *Pomeroy, Equity Jurisprudence* (4th ed.) vol. 1, secs. 465, 467, 517; *Tiffany, Real Property* (2nd ed.), vol. 1, pp. 522-524. The only Maryland case which our researches have disclosed in which compensation was denied is that of *Kuykendall* v. *Devecmon,* 78 Md. 537 (1894). Even there the existence of the doctrine was fully recognized, but it was held that on the facts of that particular case acceleration of the remainder would more nearly carry out the intention of the testator.

*Isaac Lobe Straus* and *C. Gus Grason,* for the appellees.


STOCKBRIDGE, J., delivered the opinion of the Court.

This case originated in the filing of a bill for the construction, in part, of the will of the late Joshua F. Cockey, and incidental to that, for the adjudication by this Court of two additional points resulting directly from the construction if in accord with the views of the present appellants. The portion of the will, a construction of which is invoked, is in the following language:

"I give, devise and bequeath my homestead * * *, at Cockeysville, containing about sixteen acres of land

with my dwelling house and all buildings * * * , also, all the furniture, portraits, pictures, silverware, ornaments, chinaware and dishes contained in my said dwelling house and my carriages, carriage horses and carriage harness, unto my wife, Anna B. Cockey, for and during the term of her natural life and no longer, and from and after her death to my son, Winfield Scott Schley Cockey, absolutely, should he be then living. Should my said son, Winfield, die before his mother leaving descendant or descendants surviving her, then such descendant or descendants shall take the share to which my said son, Winfield, would have been entitled under this Item I of my will, had he survived his mother, Anna B. Cockey, share and share alike. Should my said son, Winfield, die before his mother without leaving descendant or descendants living at the time of her death, then and in that event, I give, devise and bequeath said share to my son, Bennett F. B. Cockey, absolutely. Should my wife, Anna B. Cockey, die without leaving any child begotten of my body, then living, and without any descendants of any such child (then) and in that event, I give, devise and bequeath said share to my son, John T. Cockey, absolutely."

Instead of accepting the provisions made for her by the will, Mr. Cockey's widow renounced the will and elected to take the portion of his estate which the law gives in cases where there is no will. This immediately raises the question as to the effect of her renunciation upon the other parties named in the paragraph quoted, whether the legacies were vested or contingent, and following that, the appellants invoke the judgment of the Court as to whether the remainder was or was not accelerated as the result of the renunciation by the widow, and lastly, they take the position "that they are entitled to have the renounced life interest in two-thirds of the property embraced in Item 1 of the will of Joshua F. Cockey sequestered, or rather, sold and the proceeds se-

questered, to compensate, so far as may be, those who have sustained loss through the widow's renunciation and election."

In renouncing the provisions made by the will, Mrs. Cockey was simply taking advantage of the provision made for her by law. As to the effect of her renunciation, that act must be regarded as equivalent to her death, and it has been so held in a long line of cases in this State, beginning with *Darrington* v. *Rogers,* 1 Gill, 307, down to cases decided within the last twelve months. See *Devecmon* v. *Kuykendall,* 89 Md. 25; *Davis* v. *Hilliard,* 129 Md. 348, and *Craig* v. *Craig,* 140 Md. 322.

The cases cited, however, go a step further than this and hold that, the renunciation having been made, it is the disposition of the courts to regard legacies for life with remainders over as constituting vested rather than contingent devises. This is in strict analogy with the principle that the law favors the early vesting of legacies whenever it can do so without doing violence to the intent of the testator as expressed in his will, or where there is nothing contained in the will indicative of an intention or desire on the part of the testator that the legacy should be of a contingent nature. *Tiffany, Law of Real Property,* section 121, pp. 289, 290; *Tayloe* v. *Mosher,* 29 Md. 443; *Hoover* v. *Smith,* 96 Md. 394, 395; *Roberts* v. *Roberts,* 102 Md. 149, 150. The same principle is announced by all the leading text writers upon the subject, such as Fearne on Remainders, Blackstone and Kent. The adjudicated cases are filled with the attempts of various courts to distinguish between language which will create a vested remainder and that which will cause the court to hold the remainder interest to be a contingent one. They are quite fully reviewed in *Lewis* v. *Payne,* 113 Md. 134, 135, and, in general, it may be said, as was said in that case, "The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limiting the remainder determines, universally distinguishes a vested remainder from one that is contingent."

378 COCKEY *vs.* COCKEY.

In the very elaborate opinion filed by Judge Thomas in that case, all of the authorities are reviewed with the result already mentioned, and tested by the conclusion there reached, the will of Mr. Joshua F. Cockey must·be held to have created a vested remainder after his wife's death, or, since her renunciation was equivalent to death, upon the filing of her renunciation. While the remainder was vested, it was of course liable to a defeasance by opening up to let in, if circumstances warranted it, after-born parties having an interest, a condition which is not contended for in the present case. The appellant apparently rests his contention on this point mainly upon the case of *Forbes* v. *Littell,* 138 Md. 211. There are two complete answers to this: First, an examination of the will presented to the Court in that case disclosed an entirely different condition from that which obtains in the present case, and second, it was conceded in *Forbes* v. *Littell* upon all sides that the legacy was a contingent one, and this Court was not called upon to pass directly upon that question.

The next point urged by the appellant is, that the legacies in remainder after the death of Mrs. Cockey have not been accelerated by reason of her renunciation. With this contention, this Court cannot agree. The renunciation of the widow has in so many cases in this State been held to operate to accelerate legacies in remainder after a life estate that the Court is not at liberty now to reverse these holdings. Quotations might be made from a large number of cases showing the uniform and consistent rules adopted by this Court in such cases following in the line of the English decisions. It will be sufficient, however to direct attention to a few of the cases, such as *Small* v. *Marburg,* 77 Md. 11; *Randall* v. *Randall,* 85 Md. 430; *Davis* v. *Hilliard,* 129 Md. 348; and *Craig* v. *Craig,* 140 Md. 322.

Much reliance has been placed by the appellants on the decision in *Hinkley* v. *The House of Refuge,* 40 Md. 461. A careful examination of that case and of the opinion of this Court therein will disclose that there is no real conflict be-

tween that decision and the conclusion now reached. The rule as stated is subject to one qualification and one only. That the effect of the renunciation being equivalent to death, the acceleration of the legacies in remainder will be upheld unless "it contravenes some manifest intention of the testator as expressed by the will."

In the present case there is no longuage in the will which by any proper construction can be claimed to have this effect, and therefore we must conclude that the usual rule of law in such cases holds good.

From the two conclusions already reached it becomes unnecessary to consider the third proposition of the appellants, heretofore stated, with regard to the sequestration of certain of the properties or the proceeds thereof for the purpose of compensation. This question has been fully passed upon in a very carefully considered opinion by Judge Boyd in the case of *Derecmon* v. *Kuykendall*, 89 Md. 25.

The loss in the present case to certain of the remaindermen is a loss by operation of law for which the devisee has no remedy. The testator only could have provided an indemnity against the loss thus accruing. See cases already cited, and *Darrington* v. *Rogers*, 1 Gill, 403; *Clark* v. *Tennison*, 33 Md. 85; and *Boyd* v. *Sachs*, 78 Md. 491.

This Court is accordingly unanimously of the opinion that the decree below was correct and the same must be affirmed.

*Decree affirmed, with costs.*