# SAFE DEPOSIT AND TRUST COMPANY, Trustee, ET AL.

*vs.*

# GEORGE GUNTHER, JR., ET AL.

*Construction of Will—Vested Remainders—Acceleration—Division of Residuary Estate.*

A renunciation by the widow of a life estate in her favor operates to accelerate the remainders, and such renunciation is equivalent to her death.                                          p. 652

Where a will created a trust in the residue of testator's property, with directions to the trustee to pay an annuity to his widow during her life, and from and immediately after her death, to divide such residue into four parts, one of such parts to be transferred absolutely to each of his two sons, and one part to be held in trust for each of his two daughters during her life, *held* that such remainders to the sons and daughters were vested.                                          p. 652

Testator having created a trust in the residue of his property, with directions to the trustee to pay an annuity therefrom to his widow during her life, and from and immediately after the death of the widow, to divide such residue into four parts, one of such parts to be transferred absolutely to each of his two sons, and one part to be held in trust for each of his two daughters during her life, *held* that, upon the renunciation by the widow of such provision in her favor, the remainders to the sons and daughters were accelerated, with the result that they were entitled to have the residue divided into four parts as of the date of the renunciation, each son receiving his part to hold absolutely, and each daughter receiving the income from her part during her life.                                          pp. 653-656

A number of years having elapsed since the renunciation by the widow, the trustee was required to account to each of the four children with respect to the income which had accumu-

## Syllabus.

lated on the residue since the renunciation, the trustee being credited, however, as regards the shares of the daughters, with payments made by it to them on account of annuities given them by the will for the life of the widow.     p. 654

A loss to certain beneficiaries under the will, by reason of the widow's renunciation of the provision therein in her favor, is a loss by operation of law, for which they have no remedy, in the absence of any indemnity provision in the will.     p. 656

*Decided February 2nd, 1923.*

Appeal from the Circuit Court No. 2 of Baltimore City (STEIN, J.).

Bill by George Gunther, Jr., and Frank H. Gunther, against the Safe Deposit and Trust Company of Baltimore, trustee under the will of George Gunther, deceased, and others, to compel a distribution by said trustee of property held by it under the provisions of said will. From a decree as prayed by the bill, said trustee and certain infant defendants appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Morris A. Soper,* with whom were *Roszel C. Thomsen* and *Soper, Bowie & Clark* on the brief, for the appellants.

*John A. Farley* and *W. Calvin Chesnut,* with whom were *Roland R. Marchant, Herbert Levy* and *Coady & Farley* on the briefs, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The questions for our consideration in this case are presented by a bill in equity, for a proper construction of the last will and testament of George Gunther, late of Baltimore City, deceased.

Mr. Gunther died on the 5th of September, 1912, leaving a last will and testament dated the 23rd day of May, 1911, which will was admitted to probate by the Orphans' Court of Baltimore City, on the 11th day of September, 1912. Letters testamentary upon his estate were granted to Catherine Gunther, his widow, and to George Gunther, Jr., and Henry Frank Gunther, two of his sons, the persons named as executrix and executors in the will.

The testator left a large estate, approximating in value about three millions of dollars.

He left surviving him his wife, Catherine Gunther, one of the defendants in the case; two daughters, Mary Magdalena Cooney and Catherine Stringer, also defendants in the case; and two sons, George Gunther, Jr., and Frank H. Gunther, the plaintiffs, who filed the bill in the court below.

The material provisions of the will, and those that are necessary to be considered by us for the purposes of this case, are as follows:

First, the testator gave and devised to his wife, Catherine Gunther, absolutely, the house and premises in which he resided at the time of his death, together with all the contents thereof; also his automobiles, horses and carriages, and also the sum of twenty-five thousand dollars in cash.

Second, by the sixth item of the will, he ratified and confirmed a gift of seventy-five shares of the capital stock of the George Gunther, Jr., Brewing Company of Baltimore County, previously made by him to his son, George, and also a gift of ten shares of the same stock previously made by him to his son, Henry Frank.

Third, by the seventh item, he gave and bequeathed unto each of his daughters, Mary Magdalena and Catherine, the sum of fifteen thousand dollars.

Fourth, by the eighth item of the will, in addition to the gifts of stock made by the testator to his sons, George and Henry, and mentioned in item No. 6 of his will, he gave and bequeathed · unto his son, George, sixty-nine shares of the

capital stock of the George Gunther, Jr., Brewing Company, and unto his son, Henry Frank, one hundred and thirty-five shares of said stock.

The ninth and tenth items of the will dispose of the rest and residue of his estate, and as the questions involved on this appeal are presented on these two clauses of the will, they will be here transcribed.

> "Item No. 9. All the rest, residue and remainder of my estate, real and personal, whatsoever, and wheresoever situate, I give, devise and bequeath unto the Safe Deposit and Trust Company of Baltimore, a body corporate of the State of Maryland, its successors and assigns, in trust as trustees, in trust and confidence to hold the same, and to collect and receive the rents, dividends, income and interest issuing thereout, and, after paying taxes and other necessary and proper charges and expenses incident thereto, to pay from said net rents, dividends, income and interests, unto my wife, Catherine Gunther, the sum of twelve thousand dollars per annum, in equal monthly installments, in advance, for and during the term of her natural life, and to pay unto my daughter, Mary Magdalena, the sum of two thousand six hundred dollars, per annum, in equal monthly installments, in advance (into her hands, and not into the hands of another, whether claimed by her authority or otherwise) until the death of my said wife, or until the death of my said daughter, Mary Magdalena, whichever event may first occur; and to pay unto my daughter, Catherine, the sum of two thousand six hundred dollars per annum, in equal monthly installments, in advance (into her hands, and not into the hands of another, whether claimed by her authority or otherwise) until the death of my said wife, or until the death of my said daughter, Catherine, whichever event may first occur.

> "As to the remaining part or portion of the said rents, dividends, income and interest, I direct my said trustee to collect, accumulate and invest the same, to

be held by the said trustee as a part of the rest, residue and remainder of my estate.

"And from and immediately after the death of my said wife, Catherine Gunther, I direct my said trustee, its successors and assigns, to apportion and divide said rest, residue and remainder of my estate (including all accumulations) into four equal parts, and to convey, assign, transfer and deliver absolutely unto my son, George, one full equal fourth part thereof, free, clear and discharged of the trust herein imposed: and to convey, assign, transfer and deliver, absolutely, unto my son, Henry Frank, one full equal fourth part thereof, free, clear and discharged of the trust herein imposed. One full equal fourth part thereof I give, devise and bequeath unto the Safe Deposit and Trust Company of Baltimore, a body corporate of the State of Maryland, its successors and assigns, in further trust to hold the same and to collect and receive the rents, dividends, income and interest issuing thereout: and, after paying taxes and other necessary and proper charges and expenses incident thereto, to pay the net rents, dividends, income and interest monthly unto my daughter, Mary Magdalena (into her hands, and not into the hands of another, whether claimed by her authority or otherwise), for and during the term of her natural life. And from and immediately after the death of said Mary Magdalena said trust shall cease, and said trustee, its successors and assigns, shall convey, assign, transfer and deliver, absolutely, said equal fourth part, so held in trust, unto the child, children and descendants of my said daughter, Mary Magdalena, then living, *per stirpes* and not *per capita*, free, clear and discharged of the trust herein imposed.

"Should my said daughter, Mary Magdalena, depart this life without leaving any child, children or descendants surviving her, then said equal one-fourth part shall go to and become absolutely the property of the rightful heirs of my body, free, clear and discharged of said trust."

Similar provisions in trust are made by the testator, in the ninth clause of his will, as to the remaining one-fourth part of the estate for the benefit of the testator's daughter, Catherine, during her lifetime and after her death, to her descendants and in lieu of descendants, then to the rightful heirs of the testator's body.

Item 10 of the will simply directs the method of the division of the estate, with regard to the valuation of the shares of the capital stock of the brewery company.

The remaining clauses of the will, items 11 to 16 inclusive, relate to the trust created for the rest and residue of the estate, and it will be seen, they do not seriously reflect upon the questions at issue and are not relevant to the controversy.

Mrs. Gunther, the widow, on or about the 16th day of December, 1912, renounced all claim to the bequests and devises, made to her by the last will and testament of her husband, and elected to take in lieu thereof her dower or legal share of the estate of her husband.

On June 28th, 1913, the executors filed their first administration account, showing a distribution of one-third of the residue of the estate to the widow, and the balance to the Safe Deposit and Trust Company, of Baltimore, as trustee, as will appear by reference to a copy of the account filed among the proceedings in the case.

Thereupon these proceedings were instituted by the two sons, the plaintiffs in the case, against the two sisters, the Safe Deposit and Trust Company of Baltimore and the other defendants, to compel the trustee under the will, by reason and in consequence of the renunciation of the widow, Catherine Gunther, of the provisions of the will made in her favor, their vested remainders of the residue of the estate having been accelerated, to divide the rest, residue and remainder of the estate, as provided for in clauses nine and ten of the will, into four equal parts, and to transfer and deliver to each one of the plaintiffs absolutely one of these parts.

There is no dispute as to the facts, and they are set out and contained in the bill of complaint, the answers of the defendants, the exhibits, and the testimony duly taken at the hearing.

The case was submitted for decree to the Circuit Court No. 2, of Baltimore City, and after hearing, upon bill, answers and testimony, the court held, in part:

(1) That by the true construction of the will of George Gunther, late of Baltimore City, deceased, and the effect of a renunciation of the provisions of said will by Catherine Gunther, his widow, under date of December 16, 1912, there legally resulted an acceleration of the remainders provided for in the will of the said George Gunther in favor of the four children of said George Gunther, to wit, George Gunther, Jr., Frank H. Gunther, Mary Magdalena Cooney and Katharine Stringer, and that said acceleration legally took place and became effective as of the date of said renunciation of the widow, to wit, December 16, 1912.

(2) That in consequence of said acceleration having taken place as of December 16, 1912, the four children of the said testator above mentioned are now entitled to have the whole residue of the corpus of the estate of the said George Gunther divided as of December 16, 1912, said division to be made in accordance with the provisions of item 9 of said will and in accordance with the provisions of the will.

And it was further ordered and decreed that the Safe Deposit and Trust Company, trustee mentioned in said will, shall now make the division of the said rest and residue of the corpus of the estate of the said testator as of December 16, 1912, into four shares as provided for in said will, and that after said division has been made the said George Gunther, Jr., and Frank H. Gunther will be entitled to receive absolutely and free of trust their respective shares of the corpus of said estate fixed and determined as of December 16th, 1912, as aforesaid, and that the shares of said corpus so determined in which the said Mary Magdalena Cooney

and Katherine Stringer are respectively entitled to life estates are to be continued to be held by the Safe Deposit and Trust Company of Baltimore as trustee under said will, and the income thereon shall hereafter be paid to the said Mary Magdalena Cooney and Katherine Stringer during their respective lives, with a remainder over as provided for in said will.

(3) And it is further ordered and decreed that an accounting shall be made by the said trustee with respect to the income which has accumulated since December 16th, 1912, on the whole corpus of the rest and residue of the estate of the said testator and apportionment of the whole thereof shall be made equitably and fairly between the four shares of the principal as above ascertained and determined, each of said four shares to be entitled to receive that portion of the whole accumulated income which is represented by the proportion of the respective shares to the whole corpus as of December 12, 1912, and that the said proportion of the whole accumulated income to which the shares of George Gunther, Jr., and Frank H. Gunther are respectively entitled shall be paid to them absolutely, and that portion of the income which is so apportioned to the shares of Mary Magdalena Cooney and Katherine Stringer shall be awarded to them absolutely with deduction, however, for the sum of twenty-six hundred dollars ($2,600) per year heretofore paid by said trustee to the said Mary Magdalena Cooney and Katherine Stringer, respectively, which sums of money are to be brought into account in the ascertainment of the respective share.

From this decree, the trustee, and the infant defendants, have taken this appeal. The adult defendants who are beneficiaries under the will are satisfied with the decree, and have not united in the appeal.

This brings us to the controlling question in the case, and that is, the effect of the renunciation of the provisions of the will by Mrs. Gunther, the widow, and her election to take dower and distribution under the law, upon the vested re-

mainders, provided for in the will, in favor of the four children of the testator.

The decided cases in this court, and in other jurisdictions, hold that the renunciation of the widow operates to accelerate remainders after a life estate to the widow, and that the widow's election to take against the will is equivalent to her death.

In *Randall* v. *Randall,* 85 Md. 439, it is said: "The rule followed by both the English and American courts is, that a widow's renunciation and election to take as against the will, is equivalent to her death, unless it contravenes some manifest intention of the testator as expressed by the will."

The rule here announced has been sustained by a long line of decisions in this Court, and it is only necessary to refer to some of them. *Darrington* v. *Rogers,* 1 Gill, 403; *Clarke* v. *Tennison,* 33 Md. 92; *Randall* v. *Randall,* 85 Md. 430; *Boyd* v. *Sachs,* 78 Md. 497; *Davis* v. *Hilliard,* 129 Md. 348; *Craig* v. *Craig,* 140 Md. 322; *Cockey* v. *Cockey,* 141 Md. 373.

When the will of Mr. Gunther is examined in the light of the principles, announced in the reported cases, we think, the court below was entirely right, in holding that the effect of the renunciation of the provisions of the will by Catherine Gunther, his widow, was a legal acceleration of the remainders, provided for in the will, in favor of the four children of the testator.

The remainders in favor of the sons are vested and legal estates, and the remainders in favor of the daughters are vested equitable remainders for life. *Lewis* v. *Payne,* 113 Md. 134; *Davis* v. *Hilliard,* 129 Md. 348; *Cockey* v. *Cockey, supra.*

In *Disston* v. *Disston,* 257 Pa. 537, a somewhat similar case, the Supreme Court of Pennsylvania said: "In a case like the one before us, the effort must be to find and carry out the testator's chief intent with a minimum disturbance of the general plan of the will. After his wife the testator's children were the natural and primary objects of his bounty, not

their issue, still less nephews and nieces or their issues, and the alternative provisions for others after the testator's children were undoubtedly intended as substitutionary in case the latter died during the life of their mother should she take under the will; but, as said by Mr. Justice Mitchell, in *Vance's Estate,* 141 Pa. 209, a testator is presumed to know that a widow's statutory rights are paramount, and that she may take against his will; to which we now add that a testator is presumed to know also the general rule that the election of a widow to take under the intestate laws is equivalent to her death, and that, unless his will plainly indicates a contrary intent, remainders are accelerated accordingly."

By the 9th item of the will, the testator provided: "* * * And from and immediately after the death of my said wife, Catherine Gunther, I direct my said trustee, its successors and assigns, to apportion and divide said rest, residue and remainder of my estate (including all accumulations) into four equal parts, and to convey, assign, transfer and deliver absolutely, unto my son, George, one full equal fourth part thereof, free, clear and discharged of the trust herein imposed; and to convey, assign, transfer and deliver absolutely, unto my son, Henry Frank, one full equal fourth part thereof, free, clear and discharged of the trust herein imposed * * * *"

There are no restrictions or limitations imposed upon the estate devised and bequeathed to the sons, and there can be no doubt, under the decisions of this Court, that the doctrine of acceleration, under the facts of this case, applies to the sons' interest, in the rest, residue and remainder of the testator's estate, as of the date of the widow's renunciation.

The remainders to the daughters, in this case, are also provided by the 9th item of the will, as follows: "One full equal fourth part thereof, I give, devise and bequeath unto the Safe Deposit and Trust Company of Baltimore, a body corporate of the State of Maryland, its successors and assigns, in further trust to hold the same and to collect and receive the

rents, dividends, income and interest issuing thereout; and, after paying taxes and other necessary and proper charges and expenses incident thereto, to pay the net rents, dividends, income and interest, monthly, unto my daughter, Mary Magdalena (into her hands, and not into the hands of another, whether claimed by her authority or otherwise), for and during the term of her natural life. And from and immediately after the death of said Mary Magdalena, said trust shall cease, and said trustee, its successors and assigns, shall convey, assign, transfer and deliver, absolutely, said equal fourth part, so held in trust, unto the child, children and descendants of my said daughter, Mary Magdalena, then living, per stirpes and not per capita, free, clear and discharged of the trust herein imposed. Should my said daughter, Mary Magdalena, depart this life without leaving any child, children or descendants surviving her, then said equal one-fourth part, shall go to and become, absolutely, the property of the rightful heirs of my body, free, clear and discharged of said trust."

The same provision is made in item 9 of the will for the daughter, Catherine, as was made and provided for the daughter, Mary Magdalena, and the court held that the shares of the corpus so determined, in which the daughters, Mary Magdelena and Catherine, are respectively entitled to life estates, are to be continued to be held by the Safe Deposit and Trust Company as trustee under the will, and the income thereon shall hereafter be paid to them during their respective lives, with remainders over as provided for in the will.

And it was further held that an accounting shall be made by the trustee, with respect to the income which has accumulated since December 16th, 1912, on the whole corpus of the rest and residue of the estate of the testator and an apportionment of the whole thereof shall be made equitably and fairly between the four shares of the principal, as ascertained and determined, and that portion of the income which is so apportioned to the shares of the two daughters shall be awarded to them absolutely with deduction, however, for the sum of

twenty-six hundred dollars per year heretofore paid by the
trustee to the two daughters, which sums of money are to be
brought into account in the ascertainment of the respective
shares.

The correctness of the court's decree in respect to the divi-
sion and transfer to the daughters of their respective shares,
in the residue of the estate, including the accumulated in-
come, is strongly controverted by the appellants, because it is
contended that this construction will effect a loss to certain of
the remaindermen, to wit, the grandchildren of the testator.
But assuming this to be true, it is a loss by operation of law,
for which the appellants have no remedy. As was said by
this court in the recent case of *Cockey* v. *Cockey, supra,* the
testator only could have provided an indemnity against the
loss thus accruing. *Clark* v. *Tennison,* 33 Md. 85; *Devecmon*
v. *Kuykendall,* 89 Md. 25; *Boyd* v. *Sachs,* 78 Md. 498.

It is conceded that the remainders created by the will of
Mr. Gunther, to take effect in enjoyment after the termina-
tion of the life estate of the widow in favor of the sons as to
one-half of the residue and in favor of the Safe Deposit and
Trust Company of Baltimore to hold the other one-half of the
residue in trust for the daughters for life, with remainders to
their children, were vested remainders, and this being so, the
authorities are clear in holding that where remainders are
vested, the renunciation of the widow, to whom is given a
precedent life estate, accelerates the enjoyment of the remain-
der by the remainderman.

In *Cockey* v. *Cockey, supra,* it is said that the cases hold
that, "the renunciation having been made, it is the disposi-
tion of the courts to regard legacies for life with remainders
over as constituting vested rather than contingent devises.
This is in strict analogy with the principle that the law
favors the early vesting of legacies whenever it can do so
without doing violence to the intent of the testator as ex-
pressed in his will, or where there is nothing contained in the
will indicative of an intention or desire on the part of the

testator that the legacy should be of a contingent nature."
*Lewis* v. *Payne,* 113 Md. 134; *Hoover* v. *Smith,* 96 Md. 394.

In *Darrington* v. *Rogers,* 1 Gill, 410, it is said the election
of the widow to stand upon her legal rights does it is true
occasion loss to the appellants, but it is a loss resulting by
operation of law and against which the testator only could
have provided an indemnity. The testator has provided no
change or substitution in the testamentary disposition of his
property in the event of his widow renouncing and he having
failed to do so, we cannot do it for him. *Small* v. *Marburg,*·
77 Md. 11; *Devecmon* v. *Kuykendall,* 89 Md. 30.

There are cases where the courts have declined to apply the
rule or the doctrine of acceleration, but they rest upon an
entirely different state of facts from those in this case, and
they are not therefore controlling here.

In this case the testator directed his trustee from and
immediately after the death of his wife to apportion and
divide the rest, residue and remainder of his estate (includ-
ing all accumulations) into four equal parts, and to transfer
and deliver these parts to his sons and daughters as stated
in the ninth item of his will, and there is nothing in the will
to show that the testator had any reason for postponing the
division of the trust estate into four parts. The time for the
division of the residue of the estate was fixed in terms by the
testator in the will at the death of the wife, and there is
nothing to show that the application of the doctrine of accel-
eration will contravene some manifest intention of the testator
as expressed by the will.

We concur in the statement in the appellees' brief, that
"There is nothing in the will, either expressed or
implied, which manifests an intention upon the part
of the testator to postpone the vesting in possession
of the remainders to his two sons and two daughters
until the expiration of the life of Catherine Gunther,
his widow; but, on the contrary, the whole scheme
of the will indicates that the testator intended the ulti-
mate division among his four children, in accordance

with item nine of the will, immediately upon the expiration of his widow's annuity. The renunciation by the widow of the provision made for her by the will terminated her annuity of $12,000 for life, bequeathed under item nine of the will, as fully and effectually as her death would have terminated it, and accelerated the right to possession of the absolute vested remainders of George Gunther, Junior, and Frank H. Gunther, and the equitable vested remainders, for life, of Mary Magdalena Cooney and Catherine Stringer, in their respective equal one-fourth parts of the residuum of the estate, devised to them upon the death of their mother."

We have examined the other contentions presented at the hearing and set out in the appellants' brief, but as we find nothing in them that would change the conclusion which we have reached in the case, we do not deem it necessary to prolong this opinion by a further reference to them.

For the reasons stated, the decree of the court below will be affirmed, the costs to be paid by the trustee out of the corpus of the rest and residue of the estate.

> *Decree affirmed, costs to be paid by the trustee out of the corpus of the rest and residue of the estate.*