# CIRCUIT COURT OF BALTIMORE CITY.

### Filed February 24, 1926.

HUBERT PASSANO GUY AND CHARLOTTE SCHUMAN-HEINK GUY, INFANTS, BY MARIA THERESA HILGARTNER, THEIR MOTHER AND NEXT FRIEND,

VS.

CHARLES L. HILGARTNER, ANDREW H. HILGARTNER, CHARLES R. HILGARTNER, AN INFANT, AND ANDREW H. HILGARTNER AND LUTHER M. R. WILLIS, AS EXECUTORS OF AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF CHARLES E. HILGARTNER, DECEASED.

*Stein, Mayer & David* and *Fisher & Fisher* for complainants.

*Knapp & Tucker* and *Albert S. J. Owens* for defendants.

FRANK, J.—

1. As stated orally at the close of the hearing, I hold that so much of the allegations of the Bill of Complaint as calls for the interpolation into Item Two of the will of Charles E. Hilgartner, deceased, of the terms of an alleged agreement between said deceased and the defendants, Charles L. Hilgartner and Andrew H. Hilgartner and the relief asked by prayer for relief (b) do not set up a ground for equitable relief and that a demurrer to the specific portions of the Bill of Complaint setting out the same would be sustained.

Taylor vs. Plaine, 31 Md. 158-167; 40 Cyc. 1095.

2. At this time, it would be premature to consider any dispositions of the will which are to take effect only upon the attainment by testator's son of the age of twenty-four years. The question immediately presented by the

renunciation of testator's widow and her election to take her legal share of testator's estate arises out of the provisions of section (c) of Item II of the will. The pertinent portions of this section require the trustees: "(c) to pay two-thirds of the net income * * * unto my wife * * * as the same may from time to time accrue, so long as my said wife shall live, and to pay one-third of said net income unto my father, Charles L. Hilgartner, until my son Charles R. Hilgartner shall have arrived at the age of twenty-four (24) years * * *

"If my wife * * * depart this life prior to my son having arrived at the age of twenty-four (24) years, then I direct that all of the income arising from my trust estate shall be paid unto my father until my said son shall have arrived at the age of twenty-four (24) years" * * *

3. Mrs. Hilgartner's renunciation is to be regarded as equivalent to her death.

Cockey vs. Cockey, 141 Md. 373, 377, and cases there cited.

We have, therefore, equitable estates as follows:

To A for life; upon the death of A, if B be then under the age of 24 years, then to C, etc. C here gets a contingent remainder, contingent upon B's being under the age of 24 at the time of A's death. But A having died and B being then under the age of 24, C's equitable estate has become a vested remainder.

1 Tiffany on Real Property, p. 287, Sec. 1296.

4. While the weight of authority is to the effect that acceleration cannot take place in the case of contingent remainders (1 Tiffany, p. 305, Sec. 128; 21 C. J. 994, Sec. 148), this rule does not apply where as here the remainder has become a vested one.

5. I hold that the effect of Mrs. Hilgartner's renunciation and election is to cause a legal acceleration of the remainder to testator's father, which had thus become vested, so that he now becomes entitled to the whole income of what remains of the trust estate, to be by him applied as provided by the terms of the will.

Cockey vs. Cockey, supra, at pp. 378, etc.; Safe Deposit & Trust Co. vs. Gunther, 142 Md. 644, 652, etc.

6. The allegations of the amended Bill of Complaint make out a case as against the defendants, Charles L. Hilgartner and Andrew H. Hilgartner, consecutively of an agreement to hold certain funds when received by them from the Trustees under said will for the benefit of the infant plaintiffs. The defendant, Charles L. Hilgartner, is alleged to have refusel to perform the duties imposed upon him by such agreement, although there is no allegation that he has actually received any income subject to the terms of said alleged agreement. The Bill should be retained as against him because of the allegations of his announced intention not to comply with its terms. No sufficient cause for like relief at this time is shown as against said Andrew H. Hilgartner, and a demurrer on his behalf to so much of the Bill as calls therefore would be sustained.

7. All of the parties defendant are proper parties to this Bill with respect to so much thereof as asks for a construction of the will, in view of the renunciation by testator's wife. The administration account of the Executors shows that they have not yet completely distributed the estate.

8. As indicated, a demurrer to certain portions of the Bill of Complaint (as amended) would be sustained. The demurrers filed are to the whole of said Bill and inasmuch as a portion of the relief prayed is such as under the allegations of the Bill, if proved, should be granted, the Bill will be retained, the demurrers to the whole Bill will be overruled and leave will be granted to answer within twenty days.