EMMA L. WEBSTER *v.* DANIEL SCOTT

[No. 23, April Term, 1943.]

*Decided June 2, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*Henry A. Warburton* and *Due, Nickerson & Whiteford* submitted on brief for the appellant.

*Floyd J. Kintner* for the appellee.

MARBURY, J., delivered the opinion of the Court.

Appellant is the sister, executrix, and a legatee and devisee of a testatrix, who resided in Cecil County, Maryland. Appellee is the husband of the testatrix. The estate consisted of personal property appraised at a little over $1,000, real estate appraised at $500 and about $4,100 in cash in the bank, making a total of about $5,600. By her will, the testatrix gave her property to various and sundry relatives, leaving the appellant the real estate, and leaving the appellee, her husband, a bequest of $400. The appellee, in due course and in proper form renounced the will and elected to take his legal share of the real and personal estate. When the estate was ready for distribution, the Orphans' Court of Cecil County passed an order that the appellee was entitled to take the chattels, corporate stock, and real estate at the appraisal, and in addition thereto sufficient cash to equal the sum of $2,000, and then was entitled to have one-half of the residue.

Under Section 314 of Article 93 of Flack's Code of Public General Laws, as amended by the Act of 1941, Chap. 142, a surviving husband, renouncing a will and electing to take his legal share of the real and personal estate of his wife, became entitled, if his wife was not survived by descendants, or a father, or a mother, but was survived by a sister (which is the case here), to "two thousand dollars or its equivalent in property, or any interest therein, at its appraised value, and one-half of the residue of the lands as an heir and one-half of the surplus personal estate remaining." In the case

before us the testatrix had bequeathed to the appellant as trustee $1,000 and thirty shares of Pennsylvania Railroad stock for the benefit of Octavene Hicks until she arrived at the age of twenty-one years, at which time the trust was to cease, and the corpus was given absolutely to the appellant. By another clause of her will, the testatrix gave her real estate to the appellant. The appellee claimed, and was awarded as part of his $2,000 allowance, the Pennsylvania Railroad stock appraised at $600 and the real estate appraised at $500. The rule in such case is that the testatrix is presumed to know that her husband may renounce the will, and if she makes no compensation for devises or legacies, which may be thereby extinguished, the devisees or legatees will lose the property left them. *Darrington v. Rogers,* 1 Gill 403; *Devecmon v. Kuykendall,* 89 Md. 25, 42 A. 963; *Johnson v. Stringer,* 158 Md. 315, 148 A. 447; *Marriott v. Marriott,* 175 Md. 567, 3 A. 2d 493.

The appellant claims that the appellee should be allowed either to take one-half of the real estate as part of his legal share, or if allowed to take the whole at the appraised value, her loss should be borne proportionately by herself and the other legatees. Neither of these contentions is sound. The appellee is authorized to take his $2,000 before he gets one-half of the real estate. Inasmuch as he elected to take the real estate at the appraised value as part of his $2,000, that disposes of it, and of the devise of it to the appellee. It is a devise of a specific piece of property and not a pecuniary legacy. The subject of the devise has been removed by operation of law, and no provision has been made for its replacement by the testatrix. The court could not compel those who are given pecuniary legacies to compensate the appellant.

The appellant further claims that the loss of the Pennsylvania Railroad stock should be compensated in proportion by those receiving pecuniary legacies. This is a specific bequest of a particular thing which was taken by the appellee under the statute. The testatrix is presumed to know the possibility of such a result, and her

122

failure to provide any compensation leaves the court without power to make her will for her. The result is a situation similar to that of an ademption, where the testatrix disposes of the property before her death. The case of *Mercantile Trust Co. v. Schloss*, 165 Md. 18, 166 A. 599, cited by appellant, has no bearing on this question. There the court found an intention in the will that certain legacies of leasehold property and money were to be paid before the residuary estate was created. The renunciation diminished these legacies, and the court sequestered part of the residuary estate to compensate the legatee. Here there is no residue, and no intention evinced by the testatrix that those receiving pecuniary legacies should compensate losses to the specific legatees.

What the Orphans' Court did was to find that the balance of the estate, after the appellee received his $2,000 and one-half of the personal estate, was $1,362.21 in cash. The pecuniary legacies amounted to $2,000, and the $1,362.21 was divided proportionately among these, the appellant receiving as trustee $681.11 on her $1,000 bequest, and each of the five $200 legatees receiving $136.22. This division seems to be in strict accordance with the law.

The order of the Orphans' Court of Cecil County will be affirmed.

*Order affirmed, with costs.*