GEORGE H. KEERL
AND
HENRY  K.  FULTON          March Term, 1850.
vs.
ROBERT  FULTON.

[CONSTRUCTION OF A WILL—LIMITATION OF ESTATE—CURTESY.]

A TESTATOR devised and bequeathed certain portions of his real and personal estate, to trustees, in trust for his daughter during her life, and after her death, in trust for any child, or children, she might have, with direction "that the trustees, or the survivor of them, should, after the death of his said daughter, convey and assign unto her children, if she should have, or leave, any at the time of her death, in equal proportions, absolutely, all the money and estate in his will devised and bequeathed unto the said trustees, for the use and benefit of his daughter and her children : provided, always, that no such conveyance or assignment should be made, until the child or children, to whom the same was to be made, shall have severally attained the age of twenty-one years." The daughter, who survived the testator, died, leaving two sons, one of whom died intestate and without issue, before attaining the age of twenty-one years. HELD—

That the deceased son of the testator's daughter, had a vested interest in the estate devised and bequeathed to his mother for life, and that, upon her death, and when he, if living, would have attained the age of twenty-one, the trustees would have been bound to convey and assign to him, his propor-tion of said estate.

That his representatives can only claim as he could have done, if living, and as he had no power to call for the legacy before he attained twenty-one, so neither can his representatives insist upon the payment of it sooner.

The same will contained the following clause : "After the death of my said wife, I give, devise and bequeath, all the rest, residue and remainder of my estate, real, personal, and mixed, unto my said children, (naming his six sons,) and to the said trustees, for my said daughter, as aforesaid, to be divided into equal proportions, for my said seven children, and to their heirs, executors and assigns forever." The daughter died, leaving the widow of the testator. HELD—

That the daughter took an absolute title in remainder, in one-seventh of this rest and residue, upon the death of the widow, to whom a life-estate was given.

That upon the death of the widow, this one-seventh will descend to the heirs at law of the daughter, without being liable to the curtesy of her husband, she not having been seized in fact, and in deed, of this estate, during the coverture.

[The testator, Henry Keerl, by his will, which was proved in July, 1827, devised and bequeathed to his friend, Charles Bohn, (who renounced the trust,) and his son, George H. Keerl, portions of his real and personal estate, to be held by them in trust for his daughter, Amelia H. Keerl, during her life, free from the control of any future husband, and after her death, in trust for any child or children she might have; with the further direction and declaration, "that the trustees or the survivor of them, should, after the death of his said daughter, convey and assign unto her children, if she should have or leave any at the time of her death, in equal proportions, absolutely, all the money and estate in his will devised and bequeathed unto the said trustees for the use and benefit of his daughter and her children; provided, always, that no such conveyance or assignment should be made until the child or children, to whom the same was to be made, shall have severally attained the age of twenty-one years."

The will further directed, that in case the said daughter should die without leaving issue or descendants of such issue, one moiety of the estate given to her for life should pass to her husband, if any such should survive her, and the remaining moiety to the other children of the testator and their representatives.

The will also contains the following provision with regard to the estate given to the wife of the testator, who survived him, and is still living: "After the death of my said wife, I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, unto my said children (naming his six sons) and to the said Charles Bohn and George H. Keerl, as trustees, for my said daughter, Amelia H., as aforesaid, to be divided into equal proportions for my said seven children, and to their heirs, executors and assigns forever."

45*

Amelia, the daughter of the testator, survived him, and, after intermarrying with the defendant, Robert Fulton, herself died, leaving as her only issue two sons, the fruit of the marriage, one of whom, Robert Henry Fulton, subsequently died on the 24th of February, 1849, aged eighteen years and five months, unmarried and without issue, leaving surviving him his brother, Henry K. Fulton, one of the complainants, and the defendant, his father.

The bill in this case was filed by the trustee Keerl and the surviving son of the testator's daughter Amelia, for the purpose of obtaining the aid and direction of the court with respect to the estate; and also with regard to the estate, real, personal and mixed, which, upon the death of the testator's wife, was limited over to his seven children, including the daughter, in equal proportions.

The case being submitted upon an agreement in writing, without argument, the Chancellor, after stating the facts, said :]

The Chancellor:

I think there can be no doubt, that the deceased son of the testator's daughter had a vested interest in the estate devised and bequeathed to his mother for life, and that upon her death, and when the proper time shall have arrived—that is, when the son, if living, would have attained the age of twenty-one years—the trustees would have been bound to convey and assign to such son his proportion of said estate. The will gives the daughter an estate for life, and upon her death, if she should leave children, the limitation over to them is absolute, in equal proportions. When the daughter died, therefore, her two sons surviving her, the estate vested in them absolutely, the conveyance or assignment only being postponed until they should respectively attain the designated age, to wit, twenty-one. The *time* was only annexed to the *conveyance* or *transfer*, and not to the *gift* of the legacy; and hence it was not at all material, with reference to the rights of the representatives of the legatees, whether they attained the age of twenty-years or not.

1 *Roper on Legacies*, 376, *sec.* 2, and the cases there referred to, clearly establish this to be the doctrine.

As, however, by the express terms of the will, the conveyance or assignment was not to be made by the trustees until the child or children of the testator's daughter should have severally attained the age of twenty-one years, so neither can it now be made to the representatives of the deceased son, who died under that age, until, if living, he would have attained it. The rule upon this subject is this—"that if a legacy be given to A. to be paid at twenty-one years, and the intermediate interest is not given, and A. die before that period, his representative must wait for the money until A., if living, would have attained twenty-one; but if the legacy be limited over to B., on the event of A. dying under that age, and A. die before that time, B. will be entitled to call for it immediately upon the death of A." But as the representatives of A. can only claim as he could have done, if living, and as he had no power to call for the legacy before he attained twenty-one, so neither can his representatives insist upon the 'payment of it sooner. *Crickett* vs. *Dolby*, 3 *Ves. Jr.*, 10.

I am, therefore, of opinion, that though the legacy vested in Robert Henry Fulton, the deceased son of the testator's daughter, yet his representative cannot demand it until the period arrives when he, if living, would have been entitled to receive it; that is, until he would have attained the age of twenty-one years. And when that time shall have arrived, the personal estate, which devolved upon him on the death of his mother, will be payable to his administrator to be appointed by the Orphans' Court, and will be there administered.

With respect to the real estate to which the deceased became entitled at the same period, that, it is conceded by the answer, descended to his brother, Henry K. Fulton, one of the petitioners.

When the widow of the testator, who is now living, shall die, the time will have arrived for dividing among the several children left by the testator, the rest, residue and remainder of his estate; and until that event shall occur, there does not

seem to be any necessity for giving any directions with respect to this portion of his estate. I will, however, say, that it appears to me very clear, that the daughter of the testator took an absolute title in remainder in one-seventh of this rest and residue, upon the death of the widow, to whom a life-estate was given; and that, upon the death of the widow, this one-seventh will descend to the heirs at law of the daughter without being liable to the curtesy of her husband in the realty, she not having been seized in fact, and in deed, of this estate during the coverture. 4 *Kent's Com.*, 29, 30. The outstanding life-estate in the widow of the testator, during the coverture, debars the husband of his curtesy.

[No appeal was taken in this case.]