## In Re ROGERS' TRUST ESTATE.*

*Trust Estate for Life With Defeasible Remainders Over—Renunciation by Life Tenant—Acceleration of Remainders—Termination of Trust.*

An estate was devised to a trustee in trust to pay the income thereof to the testator's widow during her life and upon her death to divide the property among the testator's children share and share alike, the child or children of a deceased parent to take the share to which that parent

---

· *The docket title of this case is *Anna Virginia Rogers et al.* v. *The Safe Deposit and Trust Co., Trustee, et al.*

would be entitled if living. The widow afterwards renounced her rights and interest as life tenant and the bill in this case was filed by the testator's children asking that the trust estate be divided among them, as if the widow were then deceased. *Held*, that under the will the testator's children took vested estates in remainder defeasible as to any one of them by his or her death in the lifetime of the widow, in which event the share of the one so dying would become vested in his or her children ; that if, at the time of the widow's death any of the testator's children should be then deceased, his or her descendants would be substituted, or if there be no such descendants, the share of the child so dying would go to his personal representatives, and that consequently it cannot now be ascertained who will be entitled to the property at the time fixed by the will for division among the remaindermen, viz., the death of the testator's widow, and that the renunciation of her interest by the widow does not operate to accelerate the vesting of the remainders, because to give it that effect might defeat the intention of the testator as to what persons should be entitled to the estate at the time designated for distribution.

Appeal from a decree of the Circuit Court of Baltimore City (SHARP, J.), sustaining a demurrer to the bill of complaint and dismissing the same.

The cause was argued before BRISCOE, PAGE, BOYD, PEARCE, and SCHMUCKER, JJ.

*Thomas Hughes*, for the appellants.

*Edward I. Koontz* and *A. Hunter Boyd, Jr.* (with whom was *George Whitelock* on the brief), for the appellees.

PAGE, J., delivered the opinion of the Court.

The appellants in this case filed a bill to procure the division of certain funds in the hands of the appellee, trustee under the will of Philip Rogers, deceased. By the provisions of the will, the executor was directed to convert the entire estate into money, and after the payment of debts and expenses, to transfer what remained to the appellee in trust to invest the same and pay the interest to his wife during her life and after her death to divide the said interest bearing securities and the accrued interest thereon among his children, share and share alike ; and "in said division, the child or children

of a deceased parent, if there be such, are to take in equal proportion, the share to which that deceased parent would have been entitled had he or she been living at the time o^f said division."

By the third clause the testator makes reference to certain policies of insurance on his life for the exclusive benefit of his wife after his death, and expressed the "desire" that as soon as she had collected the amount due her, she should hand over the proceeds to the appellee to hold subject to the same uses and trusts as are expressed in the second clause of the will, as already hereinbefore set forth.    And later on by an instrument of writing executed on the 24th January, 1889, she did as desired by her late husband deliver and pay to the appellee a considerable sum of money, the same being the proceeds of the life insurances, "in order that the same might be invested by the appellee," for the trust purposes and upon the terms and conditions set forth in said will and thus become a part of said trust estate."    Subsequently, Mrs. Rogers "executed and delivered," (to whom does not appear) a paper, by which she undertook to release all her claim in the trust estate in consideration of one dollar and the "immediate benefit and enjoyment to accrue to" her children, upon the "express condition that it will be void and of no effect, so far as it relates to said declaration of trust and its terms, in the event of the decree of the Circuit Court dismissing her bill for the annulment of the trust," being reversed by the Court of Appeals, etc.    The words of the release are as follows: "I hereby formally and solemnly renounce all my right and interest as sole life tenant under the terms of said will  *  * and declaration of trust, etc., as fully and effectually as if I were now deceased, etc." It further appears that there are now surviving four children of Philip and Elizabeth Rogers, all of whom are adults and parties to this proceeding; there are also several grandchildren who have not been made parties.

On demurrer, the Court dismissed the bill and from this decree the appeal is taken.

The contention is that in consequence of the release of Mrs.

Rogers an acceleration of the remainder has resulted and that the appellants are now entitled to have a division of the trust estate.

By the terms of the will, it seems to be clear that his children took vested interests in the estate in equal proportions defeasible as to the share of any one of them upon his or her death in the lifetime of the widow; and in this event the share of the person so dying would become vested in his or her children. *Cox* v. *Handy*, 78 Md. 108.

The period at which the division among the remaindermen is to take place as fixed by the will, is after the death of Mrs. Rogers; and if at that time, one of the children is deceased leaving a child or children then living, such child or children must be substituted in his place; but if the child so dying leaves no children, his share is not divested but goes to his personal representatives. *Cox* v. *Handy*, 78 Md. 125. We do not understand that the appellants by their counsel, dispute these conclusions.

With this construction of the will it is impossible to ascertain with precision the person or persons who will be entitled to take at the period of the death of Mrs. Rogers the life tenant. That event is yet in the future, and it is not possible to determine who may be entitled when it shall arrive.

The testator desired that his estate should pass to all his children share and share alike, but if any one of them is deceased at the period of his wife's death, the children or child of such deceased child shall take; and if there be no such child or children, inasmuch as the estate vested in the deceased child would not become divested by death, his share would go to his legal representatives. So that, it seems clear that if the estate be divided at this present time while Mrs. Rogers is still living the result might ensue that the several portions of the estate will finally become vested in persons other than those contemplated by the testator, and in direct contravention of his will.

The doctrine of the acceleration of estates is founded upon the desire of Courts of equity to give effect to the manifest in-

tention of the testator; and when such intention would be frustrated by allowing it, it will be denied. The cases are too numerous to do more than to refer to some of the leading cases in this State. *Clarke* v. *Tennison*, 33 Md. 92; *Small* v. *Marburg*, 77 Md. 11; *Hinkley* v. *House of Refuge*, 40 Md. 469; *Wehrhane* v. *Safe Deposit Co.*, 89 Md. 187; *Boyd* v. *Sachs*, 78 Md. 497; *Mercer* v. *Hopkins*, 88 Md. 316; *Randall's case*, 85 Md. 440.

The record presents other questions that would require examination before we could reverse this decree, but inasmuch as what we have already said disposes of the case, we need not advert to them.

*Decree affirmed with costs to be paid by the appellant.*

(Decided July 2nd, 1903.)