BENJAMIN LEVIN *v.* SAFE DEPOSIT & TRUST COMPANY ET AL.

[No. 26, April Term, 1934.]

42

*Decided May 17th, 1934.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Hyman Ginsberg,* with whom were *Ginsberg & Ginsberg* on the brief, for the appellant.

*Charles McH. Howard,* for the appellees.

BOND, C. J., delivered the opinion of the court.

The question presented is one of construction of a will, to ascertain the effect of renunciation by the widow of the testator on bequests of interests in remainder. Principally, it is a question whether the loss of property to pass under the will resulting from withdrawal of the widow's statutory share is to be divided equally between bequests of halves given in remainder, or is to be borne entirely by those who might have shared in one-half designated for enjoyment by the widow and her next of kin.

Abraham Levin, deceased, bequeathed the rest and resi-

due of his property, after previous bequests, in trust to pay the income to his wife until her marriage or death, and provided for a division into halves upon either of those events. After a remarriage, the payment of income to the widow from one-half was to be continued until her death, and the other half was to be held by the trustee until a brother of the testator should become thirty years of age, when it should be paid over to him, with the income accumulated meanwhile. And the will continued:

"Upon the death of my said wife, said Trustee shall pay over, transfer and deliver one-half of my entire trust estate, in the event she has not remarried, or the one-half share held in trust for her in the event she has remarried, to my wife's next of kin in such portions as my wife shall by her Last Will and Testament direct and appoint; but if my wife shall die without having exercised such power of testamentary appointment, then at her death the said Trustee shall divide and distribute the said share of the estate to her next of kin. And the other one-half share, in the event my said wife has not remarried, shall be retained by my said Trustee upon the same trusts as hereinbefore set forth in respect to the one-half share to be retained by it in the event my wife should remarry."

"Should my said brother die before attaining thirty years of age, then upon his death, or the remarriage or death without having remarried of my wife, as the case may be, whichever shall last occur, said Trustee shall pay over, transfer and deliver said one-half share of said trust estate and all accumulations of income to my next of kin then living in the same proportions as though I had then died intestate owning the same."

There were no children of the couple, and the widow on her renunciation took one-half of all the estate as her share, in opposition to the will. Code, art. 93, secs. 127 and 311. The testator's brother filed a bill in equity praying that the court assume jurisdiction of the administration, and determine the effect of the provisions of the will under the changed conditions, answers of the trustee and the widow were filed, the trustee merely submitting

the questions to the court, and the·case was heard on the bill, the answers, and a stipulation of facts. By the decree, the court held that the loss by diminution of property to be distributed should fall equally on beneficiaries of the two halves provided for, that the renunciation had not affected the remainders to the widow's next of kin except equally with the brother's remainder, by reduction of the amount distributable, and, on a further question, held that there had been no acceleration of the remainder in the testator's brother, giving him the property under the will now, free of trust.

This court takes a contrary view on the first and main question, and holds that, according to the testator's intention, as the court finds it, the withdrawal of half of the property has deprived her next of kin of all benefit under the will, and left the interest of the testator's brother unaffected. The question is, of course, solely one of the intention. It is true that renunciation by a widow does not ordinarily cut off interests in remainder upon termination of a particular interest in her. *Miller, Construction of Wills, secs.* 297 and 298. But it is true only because ordinarily it is not found to have been the testator's intention that the remainders should be so identified with the particular estate, and dependent upon its coming into effect. The present case seems to the court to present the exception to the rule; the testator seems to have intended otherwise.

The testator's plan appears to have been to divide his estate equally between the two families, half to be taken by the wife and her people, half by the testator's brother and others of his own people. And it is the same half that is to pass down to the remaindermen on each side respectively. If division should occur on a remarriage of the widow, then later, upon her death, it is "the one-half share held in trust for her in the event she has remarried" that is to pass to her next of kin, not an independent one-half share. It would contravene this intention if upon the widow's taking a half in opposition to the will her next of kin should still be given a share of the half intended for

the testator's own kindred, reducing it to a quarter of the whole estate, and leaving the widow and her people together to take three-fourths of the estate. Adherence to the plan under the altered conditions requires, we think, that the remainders in the widow's half should be held inoperative now; the renunciation having the same effect as ademption of a specific legacy. If the widow's next of kin are to derive benefit from the estate, it can only be by means of new independent action by the widow in relation to the half withdrawn from operation of the will. See *Hemsley v. Hollingsworth,* 119 Md. 431, 87 A. 506.

It is pointed out in argument that before 1922 (Acts 1922, ch. 348) the widow on renouncing the bequest under the will would have taken only one-third of the estate, and, if the same construction and effect had then been given to such a will, one-sixth of the half bequeathed to the widow and next of kin would still have been left for distribution by the executor. But whatever might be the rights in the remnant, this consideration could not, we conclude, alter the construction of the testator's intention and the effect of the renunciation on the brother's half, which is all that is now left for distribution.

The brother's remainder must as a result of the renunciation and disappearance of the intervening particular estate be accelerated to the extent that the trust for him begins at once. *Safe Deposit Co. v. Gunther,* 142 Md. 644, 652, 121 A. 479. But payment to him free of the trust cannot be made before he attains the age of thirty without violating the express terms of the will. The trust of half of the estate, all that remains, for the benefit of the brother and the contingent remaindermen, is to be held now in force to be carried out according to the terms of trust.

> *Decree reversed, and cause remanded for a decree in accordance with this opinion; costs to be paid as an expense of the administration.*