LEFLER ET AL. *v.* HOFFMAN ET AL.

[No. 16,951. Filed December 1, 1942.]

388

*Walter E. Roberts* and *S. L. Vandeveer,* both of Princeton, for appellants.

*Morton C. Embree* and *Gerald E. Hall,* both of Princeton, for appellees.

FLANAGAN, P. J.—Joseph L. Lefler died September 13, 1930, leaving a will which provided that: (1) One-sixth of his property should go to a named nephew; (2) one-sixth to the children of a named deceased niece; and (3) the balance in trust for certain other nephews and nieces and their children. Item six of the will provided:

> "I will, devise and bequeath that an undivided one-fifth in value of all the property that I may die seized be placed in the hands of Walter S. Hoffman, as Trustee, to be held by him as such Trustee during the life of my nephew Otto Lefler,

the said Trustee, after paying the taxes and expenses of said trust, to pay over to my said nephew, semi-annually, the earnings of said property so bequeathed by this item, and if at any time my said nephew shall be in need for medical services, clothing or provisions for living, I hereby authorize and empower said Trustee to use so much of the principal of said trust in caring for him and to use so much of the principal of said trust in defraying any funeral expenses of said nephew as may be necessary. Upon the death of my said nephew I will, devise and bequeath the principal of this trust then remaining to the child or children of said nephew, share and share alike."

Appellants are the only children of Otto Lefler, named in item six, and are all of age. On October 25, 1940, Otto Lefler "renounced, repudiated and forever refused to receive or accept directly or indirectly any rights, benefits or emoluments provided for him and for his estate" under the terms of said will.

Appellants thereafter brought this action against appellee Walter S. Hoffman, the named trustee, who had duly qualified, alleged the above facts, and sought the corpus of the trust provided for in item six of the will on the theory that the renunciation by Otto Lefler destroyed the trust estate and accelerated their interest into the right of present possession.

A demurrer for insufficiency of facts was sustained; appellants refused to plead further; judgment was rendered against them and this appeal followed. The sole error relied upon for reversal is the action of the trial court in sustaining the demurrer to the complaint.

When a trust interest fails, succeeding interests are accelerated except when the terms and conditions of the will manifest a contrary intent. *Sipe* v. *Merchants Trust Co.* (1941), 109 Ind. App. 566, 34 N. E. (2d) 968. And this is true when the prior

interest fails because the person to whom it is limited renounces it. Restatement of the Law of Property, Vol. 2, § 231, p. 961.

However, in the will under consideration, we think a contrary intent is manifested. In other items of the will the testator makes gifts that are outright ■ absolute gifts of capital. In the item here involved a trust is created which not only provides for payment to Otto Lefler of the income from the property but provides further that if at any time he should be in need for medical services, clothing or provisions for living the trustee might use the principal of the trust in caring for him while living and further use the principal if necessary in defraying his funeral expenses. This, we think, manifests the dominant intention of the testator to be the caring for Otto Lefler in life and burying him after death, and not merely a desire to give him the beneficial interest during life and to preserve the principal for his children. To permit the destruction of the trust by renunciation so as to accelerate the succeeding interests would result in the thwarting of the dominant purpose of the testator. The beneficiary could by previous arrangement with his children obtain possession of the principal.

We think the demurrer was properly sustained.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 1022.