SUE E. M. KEEN, ET AL. *v.* WILLIAM I. BROOKS, ET UX.

[No. 146, October Term, 1945.]

*Decided May 17, 1946.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*James F. Evans* appeared on the brief for the appellants.

No brief and no appearance for the appellees.

*Henderson, J.*, delivered the opinion for the Court.

W. Atwood Montgomery, of Cecil County, Maryland, died September 23, 1931, leaving a will disposing of the residue of his estate in trust "to invest, reinvest, collect the rents, issues and profits therefrom and to pay the net annual income therefrom to my daughter, Suie E. N. Keen,

* * * for and during the term of her natural life. At the death of the said Suie E. N. Keen, I direct that the principal sum aforesaid shall be equally divided between my grandchildren, Genevieve Keen and Elizabeth P. Keen, share and share alike. In the event that either of said grandchildren should be deceased at that time without issue, I then direct the whole of said principal fund shall be paid to the survivor. In the event that either of said grandchildren should die leaving issue, I direct that the issue of said deceased grandchild * * * shall take the share which their parent would have taken if living, *per stirpes*, not *per capita*." The daughter and both granddaughters survived the testator.

On December 31, 1932, the life tenant filed a renunciation of the life-estate, and the Orphans' Court of Cecil County ordered the executor and trustee to distribute the residue to Genevieve Keen and Elizabeth Keen. Thereupon, on January 20, 1933, the executor and trustee executed a deed conveying the principal asset, a tract of 8½ acres of land, to said grandchildren, in fee simple. They, in turn, on February 10, 1933, deeded the property to Sue E. M. Keen. On October 15, 1945, the appellant and her husband entered into a contract of sale with the appellees, covering the said tract. The appellees raised a question as to the title, and on November 27, 1945, a special case stated was brought in the Circuit Court for Cecil County, in Equity, praying specific performance. The chancellor denied relief, and appeal to this court followed. Mrs. Keen is now 68 years of age; one of her daughters is 43 and unmarried, the other is 35 and now married, but has no children.

The question presented is whether the renunciation by the life tenant accelerated the remainder, so as to vest the title and right to possession in the grandchildren as of the date of the renunciation, to the exclusion of their possible issue, or other persons, who might have been entitled thereto at the death of the life tenant in the event that one or both of the grandchildren predeceased the life tenant, had she not renounced.

The rules applicable to the solution of problems growing out of renunciation are clearly set out in the *Restatement, Property*. Section 231 declares: "When an attempted prior interest fails because the person to whom it is limited renounces it, succeeding interests are accelerated except when (a) the terms and circumstances of the limitation manifest a contrary intent * * *." We are not here concerned with situations where the person renouncing claims an interest in derogation of the dispositions sought to be made, as for example, a renouncing spouse. Comment (a) points out that "whenever an attempted prior interest is renounced, some disturbance of the desired plan of disposition is inevitable. The extent of this disturbance normally is kept at a minimum by accelerating the succeeding interests. This occurs in accordance with what is normally to be inferred as the intent of the conveyor, namely, that as each of the successive interests sought to be created by him ends or becomes impossible, the next in order in the limitation should move up. * * * Since acceleration occurs pursuant to an inferred intent it is prevented by a manifestation of an intent contrary to that normally to be inferred." Comment (e) states that "when the renounced interest is the only hinderance to the succeeding interest becoming forthwith a present interest, then acceleration which occurs in accordance with the rule stated in this section causes such succeeding interest to become forthwith a present interest. The fact that such interest has become a present interest may end the time during which it continues to be defeasible * * *". Comment (h) states that "when the renounced interest is the only hindrance to the succeeding interest becoming forthwith a present interest and such succeeding interest is limited with a provision that if a designated event shall occur during the stipulated period of the renounced interest then another interest in another person shall be substituted therefor, such substitution is to be construed as having been intended to occur only if the designated event occurs during the actual continuance of the attempted prior interest.

The renunciation of such attempted prior interest prevents the period within which such substitution was intended to be possible from ever existing. The accelerated interest is not defeasible upon the subsequent occurrence of the designated event. This rule of construction is required by the intent normally to be inferred from a limitation of the type described * * *. The rule stated in this comment applies to limitations made in favor of a class where, in the absence of renunciation, existing persons would be construed to have interests vested subject to complete defeasance in favor of such persons as remain in the class at the end of the stipulated duration of the renounced interest." The illustrations make it clear that where there is a devise to a life tenant and a named remainderman C, the mere fact that it is provided that if C predeceases the life tenant the property shall go to C's descendants alive at the life tenant's death, and if none to a third party, will not prevent C from taking an indefeasible estate upon renunciation.

In further comment on clause (a) it is said: "A construction that the 'terms and circumstances of the limitation manifest a contrary intent, is not justified solely by the fact that after limiting a life interest (the renounced interest) it is provided that the gift over shall take effect 'at the death of' the life tenant * * *. Such language is to be construed as referring to the ending of such life interest either in the manner stated or by its renunciation."

Two commonly occurring varieties of limitation which manifest a contrary intent are embodied in the rules stated in Sections 232 and 233. These rules deal with situations where a continuation of a trust beyond the initial life estate is indicated, or where the succeeding interest continues subject to an unfulfilled condition precedent. Examples of the latter may be found in situations where elimination of the time for fulfillment would cause an enlargement of the interest subject to such condition precedent, or where "the stipulated duration of the attempted

prior interest must elapse before a person can show himself qualified to take the succeeding interest."

Under the rules laid down in the Restatement it seems perfectly clear that there is nothing to prevent the acceleration so as to vest a present interest in the named grandchildren of the testator. Upon renunciation, there was no occasion for the continuance of the trust. No conditions, other than the termination of the preceding estate, were attached, and the persons taking the succeeding interest were ascertained. The alternative devises to the issue of the remaindermen, or perhaps to the heirs or next of kin of the testator, in the event that both grandchildren should die without issue during the continuance of the preceding estate, were clearly substitutional, and could hardly be construed as conditions precedent. It remains to consider whether the result called for by the Restatement is consistent with the Maryland authorities.

The chancellor relied upon *In re Rogers' Trust Estate*, 97 Md. 674, 55 A. 679. In that case there was a trust for testator's widow for life remainder to be divided among his children and the issue of deceased children. She renounced. It was held that there should be no acceleration, on the ground that to allow it would defeat the testator's intention, for not until the widow's death can it be determined who will take. The court correctly classified the remainders as vested, subject to be divested by the death of a remainderman leaving issue during the continuance of the preceding estate; but the court went further and apparently found an intention that divesting might occur during the lifetime of the life tenant, even though that life-estate never came into being.

The cases cited by the court do not support its conclusion. In *Clark v. Tennison*, 33 Md. 85, there was a devise to a widow, during widowhood, remainder at her death to the children of the testator. It was held that the children became entitled upon the remarriage of the widow. See also *Boyd v. Sachs*, 78 Md. 491, 28 A. 391, to the same effect. *Hinkley v. House of Refuge*, 40 Md. 461,

17 Am. Rep. 617, was a case where acceleration in favor of certain legatees was denied, where there was a continuing trust for succeeding interests, who were disappointed by the renunciation and election of the widow. In *Randall v. Randall,* 85 Md. 430, 37 A. 209, the devise was in trust for the support of a widow and children during the life of the widow, with remainder to the children if they should be of age or married at the death of the widow. The will further provided that if no child or descendent of the testator should be living at that time, the estate be divided among the testator's brothers and sisters and their issue. The widow renounced. The testator's children were all of age. It was held that the renunciation was equivalent to death, so as to accelerate the vesting of the children's shares and to terminate the trust. See also *Small v. Marburg,* 77 Md. 11, 25 A. 920. In *Mercer v. Hopkins,* 88 Md. 292, 41 A. 156, there was an acceleration, subject to a further condition in the will prescribing a trust for 20 years. In *Wehrhane v. Safe Deposit & Trust Co.,* 89 Md. 179, 42 A. 930, acceleration was denied where it would clearly circumvent the provisions of a spendthrift trust. Compare *Keerl v. Fulton,* 1 Md. Ch. 532, 535, where "time was only annexed to the * * * transfer" (the remainderman to become of age.).

Nor is the decision in the Rodgers case consistent with later decisions of this court. See *Davis v. Hilliard,* 129 Md. 348, 99 A. 420, and *Craig v. Craig,* 140 Md. 322, 117 A. 756. In *Cockey v. Cockey,* 141 Md. 373, 118 A. 850, 851, a testator gave property to his wife for life, and after her death to their son, W, if then living, and if he should die before his mother, leaving descendants surviving her, then to such descendants, but if he died before his mother, leaving no descendants surviving her, then to son B or his descendants, with remainder over in default of issue to a son by a former marriage. It was held that, upon renunciation by the widow, the devise to W. was accelerated; that the will "created a vested remainder after his wife's death, or, since her renunciation was equivalent to death, upon the filing of her renunciation." The

court further said: "While the remainder was vested, it was of course liable to a defeasance by opening up to let in, if circumstances warranted it, after-born parties having an interest, a condition which is not contended for in the present case." We think it is clear, however, that the decision in that case denied the possibility of defeasance after the renunciation.

In *Safe Deposit & Trust Co. v. Gunther*, 142 Md. 644, 121 A. 479, there was a trust created for the testator's widow, during her life, with a direction to divide the corpus, upon her death, and pay a share to each of his two sons and hold the shares of each of his two daughters in further trust. It was held that renunciation accelerated the remainders, the sons taking absolute estates, and the daughters vested equitable remainders for life. In *Johnson v. Stringer*, 158 Md. 315, 148 A. 447, it was held that under the same will construed in the Gunther case, the renunciation accelerated a spendthrift trust created for one of the daughters. See also *Mercantile Trust Co. v. Schloss*, 165 Md. 18, 166 A. 599; and *Levin v. Safe Deposit & Trust Co.*, 167 Md. 41, 172 A. 605.

It may be noted that *In re Rogers' Trust Estate, supra*, has never been cited, except in the case of *Williams v. J. C. Armiger & Bro.*, 129 Md. 222, 231, 98 A. 542, which was not a case of renunciation. We think the Rogers case is out of line with the other Maryland cases and should be overruled. For further comment upon the text of the Restatement, Property, Secs. 231-233, see Appendix pp. 48-62; 3 *Simes, Law of Future Interests*, 1936 Ed., Sec. 758; 4 *Page, Wills*, Lifetime Ed., Sec. 1390; *Equitable Trust Co. v. Proctor*, Del Ch. 1943, 32 A.2d 422; *Tomb v. Bardo*, 1941, 153 Kan. 766, 114 P. 2d 320; *Singleton v. Gordon*, Wyo., 1943, 144 P. 2d 138. Compare *Lefler v. Hoffman*, 1942, 112 Ind. App. 387, 44 N. E. 2d 1022.

While the determination in each case depends upon the intention of the testator, as gathered from the will, we find no intention, in the case at bar, to defer the enjoyment of the estate by the grandchildren, when the preceding life estate never came into existence. The substitu-

tional provisions in favor of more remote descendants are not alone sufficient to prevent acceleration. Since the grandchildren acquired the absolute estate upon renunciation, the subsequent conveyance and the contract of sale are valid, and specific performance should have been decreed.

*Decree reversed and case remanded, with costs.*